**In re PUBLIC SERVICE COMPANY OF INDIANA SECURITIES LITIGATION.**

**This Document Relates to: All Class Actions.**

**No. IP 84–26–C.**

United States District Court, S.D. Indiana, Indianapolis Division.

Dec. 22, 1988.

On Motion to Clarify and for Extension to File Appeal Jan. 23, 1989.

Order of Clarification Feb. 17, 1989.

See also, D.C., 125 F.R.D. 484.

Charles E. Bruess, Barnes & Thornburg, Indianapolis, Ind., for officers and outside directors of PSI.

Greg Kimberlin, James R. Pope, Public Service Co., Plainfield, Ind., for PSI Indiana.

Robert P. Fiske, Jr., William E. Wurtz, Davis Polk & Wardwell, New York City, for PSI Indiana and PSI.

Ted B. Lewis, Samuel A. Fuller, Indianapolis, Ind., for outside directors.

Samuel Weisbard, Heide Massa, Chicago, Ill., Richard S. Ewing, James W. Brauer, Indianapolis, Ind., for Sargent & Lundy Engrs.

Jim A. O'Neal, Richard A. Smikle, Indianapolis, Ind., for Management Analysis Co.

Edward M. White, F. Kevin Munrighan, Chicago, Ill., Douglas J. Hill, Indianapolis, Ind., for Gust K. Newberg.

Lee B. McTurnan, Indianapolis, Ind., William O. Fifield, David Graham, Chicago, Ill., for Morgan Stanley and Dean Witter.

Peter Tamulonis, Indianapolis, Ind., Edward A. Grossmann, Bernstein Litowitz Berger, New York City; James M. Klineman, William C. Barnard, Indianapolis, Ind., for plaintiffs.

## MEMORANDUM ENTRY

NOLAND, District Judge.

This matter is before the Court for consideration of settlement and attorneys' fees and expenses. The plaintiffs were previously certified as a class pursuant to Federal Rule of Civil Procedure 23. The dismissal of a class action must be approved by the Court, and notice of a proposed dismissal must be provided to all members of the class beforehand. Fed.R.Civ.P. 23(e). Pursuant to order of the Court, notice of settlement and hearing was mailed to affected parties, namely the current record shareholders of Public Service Company of Indiana ("PSI"). On December 20, 1988 the Court held a hearing on settlement regarding the details thereof and the award of attorneys' fees, and provided an opportunity for objections thereto to be heard. At the hearing, no one objected to either the proposed settlement or the proposed award of attorneys' fees.

### I.

Regarding the approval of the proposed settlement as submitted to the Court, the Court notes that settlements are in general strongly encouraged as a matter of sound public policy. *Armstrong v. Board of School Directors,* 616 F.2d 305, 312 (7th Cir.1980), *Ransburg Electro–Coating Corp. v. Spiller & Spiller, Inc.,* 489 F.2d 974, 978 (7th Cir.1973). This is certainly true in class actions. *Donovan v. Estate of Fitzsimmons,* 778 F.2d 298, 307 (7th

Cir.1985).[1] The necessary compromise in approving a settlement inherently prevents the trial court from conducting a trial and exploring the full merits of the issues presented. *Patterson v. Stovall,* 528 F.2d 108, 114 (7th Cir.1976). Rather, in assessing settlements the Court should consider

the strengths of the plaintiffs' case on the merits measured against the terms of the settlement; the complexity, length, and expense of continued litigation; the degree of opposition to the settlement; the presence of collusion in gaining a settlement; the opinion of competent counsel as to the reasonableness of the settlement; and the stage of proceedings and the amount of discovery completed.

*Donovan, supra,* 778 F.2d at 308. Applying these factors to the case at bar, the Court finds that the proposed settlement as submitted is fair, reasonable and adequate to all involved parties.

Throughout the life of this litigation, it has been both vigorously prosecuted and aggressively defended by thoroughly competent counsel on all sides. Approximately four years have passed since the filing and consolidation of the complaints. Class certification was issued. Counsel undertook the necessary discovery, several key depositions were taken, and literally millions of documents were exchanged and reviewed. All sides represent that in order to proceed to trial, further discovery would be in order and the commencement of an actual trial is more than one to two years away. Such extension of the case would result in greater costs and expenses. The history of the case and counsel's participation have been well documented by voluminous filings with the Court. All counsel represent that the settlement is fair; opportunities were presented for interested parties to object in court but no one so objected.

Therefore, the Court makes the following findings and orders. Class members are as described in paragraph 8(b) of the Stipulation, excluding all persons who timely filed a Request for Exclusion. The proposed settlement (as provided for by the Stipulation) is in all respects fair, adequate, reasonable and proper and in the best interests of the class members and is approved. Notice to the class members and members of the underwriter defendant class as required by Rule 23(e) of the Federal Rules of Civil Procedure has been given in an adequate and sufficient manner, complying in all respects with such Rule, including, but not limited to, the forms of notice and the methods of identifying and giving notice to the class members and members of the underwriter defendant class. Plaintiffs, class members and the named defendants shall consummate the Settlement according to the terms of the Stipulation.

This litigation is dismissed with prejudice as to the named defendants, each party to bear their respective costs, except as provided herein, and all claims, rights, demands and causes of action (whether class or individual in nature) which the plaintiffs and class members or any of them have or may have, or which have been or could have been asserted against defendants or any of them (or any of the other persons and entities mentioned in paragraph 8(c) of the Stipulation of Settlement) in connection with, arising out of, or any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced or otherwise referred to in the litigation, including, without limitation, in the complaint and pretrial proceedings therein, including all claims for violations of federal, state, common or other law, are discharged and extinguished. Plaintiffs and each and every class member are permanently barred, either directly, derivatively, or representatively, from asserting against the named defendants (or any of the other persons and entities mentioned in paragraph 8(c) of the Stipulation) any

1. The Court recognizes that the panel opinion in *Donovan, supra,* was vacated when rehearing *en banc* was granted. However, the Court does not believe that the *en banc* opinion, 805 F.2d 682 (7th Cir.1986), which reached differing conclusions than did the panel opinion, intended to reverse or detract from the general rules regarding settlement and the policy considerations thereof. Therefore the Court cites to the panel opinion only in support for the general rules concerning the encouragement of settlement and considerations thereof.

claim, right, demand or cause of action (whether class or individual in nature) in connection with, arising out of or in any way related to any acts, failures to act, omissions, misrepresentations, facts, events, transactions, occurrences or other matters set forth, alleged, embraced or otherwise referred to in the litigation, including without limitation in the complaint and pretrial proceedings therein, including all claims for violations of federal, state, common or other law.

## II.

■ Regarding the approval of the requested attorneys' fees from the common fund, the Court notes that determining reasonable attorneys' fees is within the sound discretion of the trial court. *Ohio–Sealy Mattress Manufacturing Co. v. Sealy Inc.*, 776 F.2d 646, 650 (7th Cir.1985); *Mills v. Eltra Corp.*, 663 F.2d 760, 762 (7th Cir. 1981). Further, the recent discussion by a panel of the Seventh Circuit in *Skelton v. General Motors* indicates that the use of a lodestar and multiplier is a proper calculation of attorneys' fees in a common fund recovery case, 860 F.2d 250 (7th Cir.1988), *as attached to Plaintiffs' Counsel's Memorandum of Law in Support of Joint Petition of Plaintiffs' Counsel for Attorneys' Fees and Reimbursement of Litigation Costs and Expenses* at Appendix B. The factors to consider in determining the reasonableness of a fee include

> the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly ... the fee customarily charged in the locality for similar legal services; the amount involved and the results obtained; the time limitations imposed by the client or the circumstances; the nature and length of the professional relationship with the client; the experience, reputation and ability of the ... lawyers performing the services; [and] whether the fee is fixed or contingent.

*Mills, supra,* 663 F.2d at 762. Further, the use of a multiplier requires balancing attorney compensation with the class's interest in the recovery fund. The riskiness of the litigation is assessed to determine a proper multiplier. *Skelton, supra.*

At the hearing held on December 20, 1988 both plaintiffs' and defense counsels addressed the issue of attorneys' fees. In addition, derivative counsel have provided the Court with extensive briefing and documentation on this issue. Such counsel request total attorneys' fees of *$6,500,000* out of a total recovery of *$20,800,000.* Counsel's lodestar figure is taken times a multiplier of *1.94.*

In light of the factors discussed above, the Court approves plaintiffs' counsels' submissions of total hours expended and hourly billing rates as reasonable for the accomplishments of this settlement. In so doing the Court approves the plaintiffs' counsels' lodestar figure. However, the Court finds that a reasonable multiplier to the lodestar is 1.61. The plaintiffs' counsel delivered thoroughly competent and professional representation on behalf of the plaintiffs. They achieved a fair result for the plaintiffs in light of the complexities of the litigation and the quality of the defense. However, the Court finds that sufficient reward for the plaintiffs' counsels' performance is reflected in the higher number of hours performed on the class actions as compared to the derivative actions. Accordingly, adjusting the plaintiffs' counsel's proposed multiplier down slightly from 1.94 to 1.61 keeps the multiplier in a range similar to the multiplier in the derivative actions, and also serves to reflect recognition of a larger amount of attorneys' fees to plaintiffs' counsel for having expended more hours. Therefore, in accordance with the settlement as submitted to the Court, Public Service Company of Indiana is to pay to plaintiffs' counsel the sum of *$5,300,000* in attorneys' fees, and *$230,402.97* in reimbursement of said counsel's expenses.

### Conclusion

The entry of judgment including dismissal with prejudice shall issue in accordance with the decision herein. The Court reserves jurisdiction over this litigation for

all purposes, including compliance with the settlement and payment of attorneys' fees and expenses.

## ORDER

### ON MOTION TO CLARIFY AND FOR EXTENSION TO FILE APPEAL

This cause is before the Court on the plaintiffs' Motion to Clarify Order of December 22, 1988 and Motion for Extension of Time to File Notice of Appeal. The plaintiffs moved under Rule 60(a), Federal Rules of Civil Procedure, for a clarification or amendment of the Court's December 22 order. The plaintiffs state that any notice of appeal regarding this order must be filed by January 24, 1989. The Court finds that a proper request for a clarification or amendment has been made and good cause has been shown for extending the plaintiffs' time to file notice of appeal.

IT IS THEREFORE ORDERED that the time in which the plaintiffs must file a notice of appeal of the Court's December 22, 1988 order shall be and hereby is EXTENDED to ten days after the Court issues its ruling on the plaintiffs' Motion to Clarify. The Court notes that under Rule 9 of the Rules of Court for the United States District Court for the Southern District of Indiana, any adverse party in this suit has 15 days from the date of service to respond to the plaintiffs' Motion to Clarify.

### ORDER OF CLARIFICATION

This matter is before the Court on the plaintiffs' "Motion to Clarify" the Court's order of December 22, 1988, which motion was filed on January 18, 1989. In the December 22 order, the Court approved the parties' proposed settlement, entered judgment and approved amounts for attorneys' fees and expenses. Plaintiffs' counsel now seeks clarification of the exact amount of attorneys' fees approved by the Court.

In the December 22 order, the Court stated that an award of attorneys' fees in the amount of $5,300,000 was approved.

In the Memorandum Entry which accompanied that order, the Court noted that it approved the plaintiffs' attorneys' lodestar figure. That lodestar figure is $3,351,605.55. The Court further indicated that the multiplier which should apply to the lodestar was 1.61. Plaintiffs' counsel states that the product of the lodestar times the multiplier is not $5,300,000 but $5,396,084.80.[1] *Plaintiffs' Motion to Clarify* at 1. Plaintiffs' counsel asks the Court to clarify its ruling to indicate the amount of attorneys' fees to be awarded.

The Court now clarifies its December 22 order and states that the amount of attorneys' fees approved by the Court and to be awarded to counsel is $5,300,000.00. The use of a multiplier involves an approximation which is intended to assess various factors in determining attorneys' fees. To the extent an exact modifier is necessary, the Court now amends the modifier to be 1.5813316, which when multiplied by the approved lodestar produces a product of $5,299,999.76 (rounded). However, the Court exercises its discretion to award attorneys' fees and states that the exact amount which it approves as attorneys' fees is $5,300,000.00.

IT IS SO ORDERED.

---

1. The Court calculates that the product of lodestar times multiplier is $5,396,084.94 (rounded). However, any actual difference is insignificant for purposes of this clarifying order, as further indicated above.